IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID L. ACHEY, et al. | : |
| | : |
| Plaintiffs | : CIVIL ACTION |
| | : |
| vs. | : |
| | : NO. 07-CV-3592 |
| CRETE CARRIER CORPORATION, | : |
| et al. | : |
| | : |
| Defendants | : |

**<u>MEMORANDUM OPINION & ORDER</u>**

GOLDEN, J.                                                                                                                January 13, 2009

Plaintiffs' August 29, 2007 Complaint arises from a vehicular accident that occurred on June 3, 2007, in which Defendant R.E. Gallman, Jr. ("Gallman") was operating a tractor trailer owned by his employer, Defendant Crete Carrier Corporation ("Crete"). (Compl. ¶ 16). The tractor trailer collided with Plaintiffs' vehicle on Interstate 78 in Upper Saucon Township, Pennsylvania. (<u>Id.</u> ¶¶ 9, 17). Tricia A. Achey and her daughter, Courtney J. Achey, died in the accident. (<u>Id.</u> ¶¶ 22-23). David L. Achey brought this action as administrator of their estates. Discovery has been completed, and expert reports have been produced. (Defs.' Br. at 4). Additionally, Defendants have filed a motion for partial summary judgment. (Doc. No. 20). Subsequent to Defendants' motion, Plaintiffs filed a motion to amend their Complaint, which is currently before the Court. (Doc. No. 34). For the reasons explained below, Plaintiffs' motion is granted.

**ANALYSIS**

In Plaintiffs' motion to amend, Plaintiffs seek to add claims for punitive and exemplary

-1-

damages in the *ad damnum* clauses of Plaintiffs' second and fifth counts against Gallman individually and as an agent of Crete.  (Pls.' Mot. ¶¶ 1, 5; Pls.' Ex. D).  Plaintiffs are requesting amendment because "it appears that," based on Defendants' motion for partial summary judgment filed on August 4, 2008, Defendants believe that "no claim of punitive damages was asserted against" Gallman, even though punitive damages are sought against Crete in counts three and six.  (Pls.' Mot. ¶ 3).  Plaintiffs explain that their failure to include punitive damages claims in the *ad damnum* clauses of counts two and five against Gallman was inadvertent.  (Id. ¶ 9).

      Federal Rule of Civil Procedure 15 states that leave to file an amended complaint should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "A party generally should be permitted to amend a complaint where if it did so it could state a claim."  Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 309 (3d Cir. 2003).  "Amendment, however, is not automatic."  Butz v. Lawns Unlimited Ltd., 568 F. Supp. 2d 468, 479 (D. Del. 2008).  A district court may exercise its discretion to deny the request "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2004); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).  In applying that standard, the Court is mindful of the Third Circuit's teaching that our exercise of discretion should comport with the liberal approach to amendment embodied in the judicial interpretation of Rule 15.  See Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 887 (3d Cir. 1992).

**A.     Undue Delay**

Defendants object to Plaintiffs' effort to add punitive damages claims against Gallman on the ground that Plaintiffs have failed to exercise due diligence in amending their Complaint. (Defs.' Br. at 4-5).  "The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party."  Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984), cert. denied, 469 U.S. 1122 (1985).  "[D]elay alone is an insufficient ground to deny leave to amend."  Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).  While there certainly has been a delay in Plaintiffs' request to formally add punitive damages claims against Gallman, this delay has not been undue.  It is not uncommon for courts to permit the amendment of a complaint at this stage of litigation.  See, e.g., Adams, 739 F.2d at 869 ("Since amendment of a complaint is not unusual at the summary judgment stage of the case, we would not characterize plaintiffs' failure to amend their complaint earlier as 'undue delay.'") (internal citation omitted). Defendants' reliance on Walton v. Nalco Chem. Co., 272 F.3d 13 (1st Cir. 2001) is to no avail. (Defs.' Br. at 4-5).  The plaintiff in Walton initially brought age discrimination and intentional infliction of emotional distress claims against the defendant.  The plaintiff then sought to amend his complaint immediately before trial to include a separate and distinct defamation claim. Walton, 272 F.3d at 19-20.  Unlike Walton, Plaintiffs' new punitive damages claims against Gallman were made well before trial and are based on facts already known or available to Defendants.

**B.** **Prejudice**

Defendants also object to Plaintiffs' effort to add punitive damages claims against Gallman on the basis that the addition of these claims would prejudice Defendants. (Defs.' Br. at 5-7). "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). "The test for prejudice is whether the non-moving party will be denied 'a fair opportunity to defend and offer additional evidence' to address the amendment." Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 106 F. Supp. 2d 737, 745 (D.N.J. 2000) (quoting Evans Prods. Co. v. West Am. Ins. Co., 736 F.2d 920, 924 (3d Cir. 1984)).

No real prejudice would be created if the Court were to grant Plaintiffs' motion to amend the Complaint. First, Defendants have been on notice throughout the course of the litigation that Plaintiffs are alleging various acts by Gallman that may support a claim for punitive damages. While the *ad damnum* clauses in counts two and five of the original Complaint do not specifically seek punitive damages against Gallman, these counts expressly incorporate facts asserted earlier in the Complaint that provide the basis for Gallman's alleged "outrageous" and "recklessly indifferent" conduct. (Compl. ¶¶ 33, 48). These facts, which are in paragraph 24 of the original Complaint, include various alleged acts that exhibited a "conscious disregard, reckless indifference and outrageous conduct to the interest of others." (Id. ¶ 24). This language mirrors Pennsylvania's punitive damages standard. See Feld v. Merriam, 485 A.2d 742, 747-48 (Pa. 1984) (quoting Restatement (Second) of Torts § 908(2) (1977)). Additionally, in Plaintiffs' March 2008 Settlement Conference Summary, Plaintiffs stated that this matter "will result in a punitive damage award against *both Defendants*." (Pls.' Ex. C; Pls.' Mot. ¶ 8) (emphasis added).

Second, the proposed Amended Complaint uses facts to support Plaintiffs' claims for punitive damages that are identical to "those [facts] comprising the original complaint." See Popp Telcom v. Am. Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000). Plaintiffs have not "hidden the ball" by asserting new facts in their proposed Amended Complaint that were not previously known to Defendants. See id. ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party."). Similarly, Plaintiffs do not seek to add a new cause of action with elements that require the marshaling of additional facts. As a result, any prejudice would, at most, be minimal, and new discovery likely is unnecessary given that discovery in this case presumably tracked the existing factual allegations in the original Complaint. See Dole Fresh Fruit Co. v. Delaware Cold Storage, Inc., 961 F. Supp. 676, 685-86 (D. Del. 1997) (granting plaintiff's motion to add a restitution claim because the new claim raises no new factual issues, and it is unlikely that defendant "would have conducted its case any differently had it been aware of the claim for restitution"); Thomas v. Medesco, Inc., 67 F.R.D. 129, 131 (E.D. Pa. 1974) (permitting amendment to include punitive damages claim where the amended complaint arises out of the same conduct and asserts no new facts).[1]

---

[1] Defendants cite Campania Mgmt. Co. v. Rooks, Pitts & Poust, 290 F.3d 843 (7th Cir. 2002), Owens Corning v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 257 F.3d 484 (6th Cir. 2001), and Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510 (1st Cir. 1989), in support of their claim that amendment of Plaintiffs' Complaint at this stage would create prejudice. (Defs.' Br. 5-6). In each of these cases, the court affirmed the district court's refusal to permit amendment. In Campania, a claims administrator's proposed amended answer to a law firm's breach of contract claim represented, according to the Seventh Circuit Court of Appeals, "a complete reversal in trial strategy." Campania, 290 F.3d at 847. In Owens, the defendant sought leave to file an amended answer and "two new defenses." The Court concluded that one defense was already, in effect, present in defendant's existing defenses, and that the other would only relitigate an issue previously addressed by the Sixth Circuit Court of Appeals. Owens, 257 F.3d at 496-97. Finally, in Quaker, the defendant sought amendment to include a fifth counterclaim that "was only peripherally related to the other matters at issue." Quaker, 884 F.2d at 1517. These cases are distinguishable, as Plaintiffs' new punitive damages claims (a) do not represent a reversal in Plaintiffs' strategy sufficient to create prejudice, (b) are not duplicative and have not been previously litigated, and (c) are not

**C.     Futility**

Defendants contend that leave to amend should be denied because the punitive damages claims asserted against Gallman in the proposed Amended Complaint are futile. (Defs.' Br. at 7-9). "Futility" means that "the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Alpharma Inc. Sec. Litig., 372 F.3d 137, 153 (3d Cir. 2004) (internal quotations omitted). Thus, in assessing "futility," the district court applies the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6). Id. at 153-54. Rule 12(b)(6) allows courts to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 312 (3d Cir. 1999). The Third Circuit Court of Appeals instructs that a "complaint will withstand a Fed. R. Civ. P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery." See Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 124-25 (3d Cir. 1998). In considering a Rule 12(b)(6) motion, a Court shall not inquire into "whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). A court is also required to accept all of the plaintiff's factual allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Thus, amendment should be denied when it is "beyond doubt that the plaintiff can prove no set of facts in support of his [new] claim[s] which would entitle him to relief." See Johnsrud v. Carter, 620

---

peripheral, but are directly related to Plaintiffs' existing claims against Gallman and Crete.

F.2d 29, 33 (3d Cir. 1980).

Plaintiffs assert in both versions of their Complaint that Gallman exhibited a "conscious disregard, reckless indifference and outrageous conduct to the interest of others" (Am. Compl. ¶ 24).  Under Pennsylvania law, punitive damages may be awarded for outrageous conduct constituting either an evil motive or reckless indifference to the rights of others.  Feld, 485 A.2d at 747.  In particular, "[p]unitive damages must be based on conduct which is malicious, wanton, reckless, willful, or oppressive." Id. at 747-48 (internal quotations omitted).  The Pennsylvania Supreme Court, however, has made it clear that "punitive damages are an 'extreme remedy' available in only the most exceptional matters." Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005).  "Ordinary negligence, involving inadvertence, mistake or error of judgment will not support an award of punitive damages." Hutchinson v. Penske Truck Leasing Co., 876 A.2d 978, 983-84 (Pa. Super. Ct. 2005), aff'd, 922 A.2d 890 (Pa. 2007).

Defendants assert that the alleged acts of Gallman listed in paragraph 24 of Plaintiffs' proposed Amended (and original) Complaint relate to mere negligence and do not rise "to the requisite level of outrageousness required for punitive damages."  (Defs.' Br. at 8).  Based on the facts alleged in paragraph 24, however, the Court cannot conclude that there are no facts that would entitle Plaintiffs to punitive damages against Gallman.  Plaintiffs do not *solely* plead that Gallman fell asleep at the wheel and that this conduct, by itself, constitutes outrageous behavior. Plaintiffs' proposed Amended Complaint asserts, among other things, not only that Gallman fell asleep at the wheel, but that he "carelessly and recklessly" continued to operate a tractor trailer on Interstate 78 when he "knew or should have known that" he "was impaired by lack of sleep and in a state of fatigue, whereby he was not in proper physical and mental condition to safely

operate his vehicle." (Am. Compl. ¶ 24.v). Given the liberal pleadings standards embodied in the Federal Rules, it cannot be said that such conduct does not conceivably support a conclusion of reckless indifference sufficient to establish a claim for punitive damages. See Hodnik v. Baltimore & O.R.R., 54 F.R.D. 184, 186 (W.D. Pa. 1972); Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); but see Grant v. Daubenspeck, 83 Pa. D. & C. 4th 534, 537-38 (Monroe County Ct. Com. Pl. 2006) (utilizing Pennsylvania's stricter pleadings rules).

Defendants also argue that Plaintiffs' assertion that Gallman violated federal regulations governing the hours of driving cannot constitute "outrageous" conduct sufficient to impose punitive damages because "Plaintiff concedes he has no proof of any such violation despite having concluded discovery and producing experts." (Defs.' Br. at 8). Moreover, Defendants contend that Plaintiffs have produced "no medical expert opinion as to the driver's condition at the time of the accident," and, accordingly, Plaintiffs can, at most, only prove negligence. (Id. at 9). These arguments, however, are premature, as they require the Court to analyze the sufficiency of the evidence uncovered during discovery. See Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 257 (3d Cir. 2004) ("It is black-letter law that [a] motion to dismiss for failure to state a claim . . . is to be evaluated only on the pleadings.") (internal quotation omitted); Interact Accessories, Inc. v. Video Trade Int'l, Ltd., No. 98-2430, 1999 WL 159883, at *3 (E.D. Pa. Mar. 22, 1999) (rejecting as untimely defendant's argument attacking merits of plaintiff's punitive damages claim during pendency of plaintiff's motion to amend complaint). These arguments would be best made in a motion for summary judgment.

Though the Court disagrees with Defendants' contention that the inclusion of Plaintiffs'

newly-asserted punitive damages claims in counts two and five against Gallman will result in prejudice, the Court will, in consideration of Defendants' good-faith assertion that additional fact or expert discovery may be needed (Defs.' Br. at 6-7), allow the parties to engage in limited discovery on these new claims.  The Court will further permit the additional submission of dispositive motions only on these added punitive damages claims.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID L. ACHEY, et al. | : | |
| Plaintiffs | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 07-CV-3592 |
| CRETE CARRIER CORPORATION, et al. | : | |
| | : | |
| Defendants | : | |

**<u>ORDER</u>**

AND NOW, this 13th day of January, 2009, upon consideration of Plaintiffs' Motion to Amend the Complaint, Defendants' Brief in Opposition, and Plaintiffs' Proposed Amended Complaint, it is hereby ORDERED that Plaintiffs' Motion (Doc. No. 34) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs shall electronically file the Amended Complaint attached to Plaintiffs' moving papers as Exhibit "A" within **five (5) days** from the date of this Order.  Defendants are to file a responsive pleading to the Amended Complaint within **fourteen (14) days** from the date of this Order.  Furthermore, the parties have **thirty (30) days** from the date of this Order to complete any necessary fact or expert discovery relating only to the newly-added punitive damages claims against Defendant R.E. Gallman, Jr. in counts two and five of the Amended Complaint.  Dispositive motions shall be filed, if necessary, only on Plaintiffs' added punitive damages claims **forty-five (45) days** from the date of this Order.  Responses to any such dispositive motions shall be filed within **fourteen (14) days** from the service of the motion.

BY THE COURT:

/s/Thomas M. Golden
THOMAS M. GOLDEN, J.